UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VAN CHRISTIAN SCHRYVER | : | CIVIL NO. 3:02CV141 (EBB) |
| v. | : | |
| LARRY MYERS, ET AL. | : | DECEMBER 14, 2004 |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The defendants respectfully request the Court to give the following instructions to the jury:

## IMPEACHMENT BY FELONY CONVICTION:

You have heard testimony and have been presented with exhibits regarding the plaintiff's prior felony convictions. The prior convictions were put into evidence for you to consider in evaluating his credibility. You may consider the fact that he is a convicted felon in deciding how much weight to give his testimony. It is for you to decide how much consideration, if any, to give to the convictions when you are evaluating his credibility and assessing how much of his testimony to accept.

**AUTHORITY:** United States v. Corcione, 593 F.2d 111 (2d Cir. 1979). ¶ 76.01, Instruction 76-6; Rule 609(a), Federal Rules of Evidence; Jury Instruction in King v. Crose, et al., No. 3:93CV1273 (AHN).

## BURDEN OF PROOF:

Now, I would like to explain the burden of proof. As I mentioned to you at the beginning of trial, this is a civil case. All of you have heard of proof beyond a reasonable doubt, which is the standard of proof in a criminal trial. That requirement does not apply to a civil case such as this one, and you have to put it out of your mind.

In all civil cases, the plaintiff has the burden of proving each essential element of his claim to you by a preponderance of the evidence. All this really means is that if the plaintiff is trying to prove a fact to you, he must show that the fact is more likely true than not true. "Preponderance of the evidence" also means "the greater weight of the credible evidence." By "credible evidence," the law simply refers to that evidence which you find worthy of belief. By "weight of the evidence," the law refers not, for example, to the number of witnesses or exhibits, but rather, to the quality of the evidence on one side or the other.

In order for the party with the burden of proof to prevail on a particular claim, your consideration of all the credible evidence must tend to persuade you to believe what that party claims. If after considering all of the evidence, you find that it weighs in favor of that party, then that party has sustained his or her burden of proof and you must render a verdict in his or her favor. If, however, the evidence weighs in favor of the other party, or even if, in your mind, the evidence is evenly balanced between the two sides, then the party with the burden of proof has failed to sustain the burden of proof and your finding must be for the other party. To put it differently, if you were to put all of the plaintiff's evidence on one side of a scale, and all of the defendant's evidence on the other side of the scale, the plaintiff would have to make the scales tip somewhat in his favor. If he fails to meet this burden, the verdict must be for the defendant.

In evaluating whether a party has carried the burden of proof by a preponderance of the evidence, your conclusion cannot be based on mere speculation or conjecture. You are permitted, however, to draw reasonable inferences from the facts that you find have been proved. Inferences are deductions or conclusions which reason and common sense lead you to draw from such facts.

**AUTHORITY:** Jury Instruction in <u>Thaddeus Taylor v. Dennis Jones, et al.</u>, No. 3:97CV973 (WIG).

## THE STATUTE:

The law to be applied in this case is the federal civil rights law which provides a remedy for individuals (or other entities) who have been deprived of their constitutional (or statutory) rights under color of state law. Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**AUTHORITY:** Modern Federal Jury Instructions ¶ 87.03, Instruction 86-65.

## ELEMENTS OF A SECTION 1983 CLAIM:

In order to prove each of his claims under Section 1983, the plaintiff must establish, *by a preponderance of the evidence*, the following three elements:

First, that the defendant acted under color of the authority of the State of Connecticut. Second, that the defendant deprived the plaintiff of his constitutional rights; and third, that the acts of the defendant were the proximate or legal cause of the plaintiff's injuries as alleged in the complaint.

The plaintiff may not recover unless he establishes, by a preponderance of the evidence, each of these elements.

**AUTHORITY:** Modern Federal Jury Instructions, ¶ 87.03, Instruction 87-68; Court's Instructions to the Jury in <u>King v. Crose, et al.</u>, No. 3:93CV-1273 (AHN); <u>Parratt v. Taylor</u>, 451 U.S. 527, 101 S.Ct. 1908 (1981).

**FIRST ELEMENT – ACTION UNDER COLOR OF STATE LAW:**

The defendant acknowledges that she was employed by the Connecticut Department of Correction during the period covered by the Complaint.

I therefore instruct you, as a matter of law, that the defendant was acting under color of state law during the time that they were working for the Department of Correction.

**AUTHORITY:** Modern Federal Jury Instructions ¶ 87.03, Instructions 87-70.

**SECOND ELEMENT – DEPRIVATION OF FEDERAL RIGHT:**

Keeping these general requirements of a Section 1983 civil rights claim in mind, I shall now instruct you concerning the specific constitutional right of which the plaintiff claims he was deprived. The plaintiff in this case claims that he was denied medical care by the defendant and therefore was deprived of his constitutional rights.

The record presented in this case shows that the plaintiff was a sentenced inmate during the period of time covered by this complaint. To evaluate whether a sentenced inmate has suffered an unconstitutional denial of medical care, we are governed by the requirements of the Eighth Amendment to the United States Constitution. The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on those convicted of crimes which includes punishments that involve the unnecessary and wanton infliction of pain.

To prevail on his claim of an unconstitutional denial of medical care, the plaintiff must prove by a preponderance of the evidence that he had a serious medical need and that the defendant was deliberately indifferent to his serious medical need. A serious medical need is one that contemplates a condition of urgency, a condition that may produce death, degeneration or extreme pain.

To establish deliberate indifference, the plaintiff must show that the defendant had a culpable state of mind, that is to say, he must show that the defendant knew that the plaintiff had a serious medical need and that she recklessly disregarded that need by consciously failing to provide necessary medical care.  While the plaintiff need not prove that the defendant acted, or failed to act, for the very purpose of causing him harm, it is insufficient to simply show that the defendant failed to alleviate a serious medical condition which she should have perceived but did not perceive.

Mere negligence in giving or failing to give medical treatment cannot form the basis for liability under the Eighth Amendment.  Similarly, a disagreement between an inmate and prison medical staff over what constitutes appropriate medical care does not state a claim under the Eighth Amendment.  An inmate does not have any constitutional right to the treatment of his choice.  A treating physician or nurse is liable under the Eighth Amendment only if his or her conduct is repugnant to the conscience of mankind.  The conduct complained of must shock the conscience or constitute a barbarous act.

**AUTHORITY:**  Court's Instruction to the Jury in King v. Crose, et al., No. 3:93CV-1273 (AHN); Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994); Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321 (1991); Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976); Hathaway v. Coughlin, 37 F.3d 63 (2d Cir. 1994); Dean v. Coughlin, 804 F.2d 207 (2d Cir. 1986); Corby v. Conboy, 457 F.2d 251 (2d Cir. 1972); Malsh v. Austin, 901 F. Supp. 757, 762 (S.D.N.Y. 1995); Ross v. Kelly, 784 F. Supp. 35, 44 (W.D.N.Y. 1992 ), aff'd 970 F. 2d 896 (2d Cir. 1992); McCloud v. Delaney, 677 F. Supp. 203, 232 (S.D.N.Y. 1998); Tomarkin v. Ward, 534 F. Supp. 1224 (S.D.N.Y. 1982).

**STATE OF MIND – NEGLIGENCE:**

An act is negligent if the defendant was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty of obligation. Again, you may not find for the plaintiff against the defendants if you find that the defendant's actions were merely negligent.

**AUTHORITY:** Modern Federal Jury Instructions, ¶ 87.03, Instruction 87-78.

**THIRD ELEMENT – PROXIMATE CAUSE:**

The third element which plaintiff must prove is that the defendant's acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of the defendant and any injury or damage allegedly sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of each defendant's act or omissions. If an injury was a direct result or a reasonably probable consequence of the defendant's acts or omissions, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendants. If you find that any defendant has proved, by a preponderance of the evidence, that the plaintiff is complaining about an injury which would have occurred even in the absence of that defendant's conduct, you must find that the defendant did not proximately cause plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's acts or omissions and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

If you find that the plaintiff suffered some injury but that his injury was the result of his own behavior or his failure to follow prescribed medical care, then the defendant would not be liable for his injury.

**AUTHORITY:**  Modern Federal Jury Instructions, ¶ 87.08, Instruction, 87-79; Graham v. Western Line Consolidated School District, 439 U.S. 410, 99 S.Ct. 693 (1979); Mt. Health City School District Board of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568 (1977).

**PERSONAL INVOLVEMENT:**

In order to prevail on a claim under Section 1983 against an individual, a plaintiff must prove that the defendant (1) acted under color of state law, and (2) in a manner that deprived the plaintiff of "any rights, privileges, or immunity secured by the Constitution." Section 1983 imposes liability for "conduct which 'subjects or causes to be subjected' the plaintiff to a deprivation of a right secured by the Constitution and laws." Accordingly, personal involvement of a defendant in an alleged constitutional deprivation is a prerequisite to an award of damages under [Section] 1983. It is not sufficient for the plaintiff to allege that the defendant occupied a particular position within the Department of Correction. Instead, the plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused

7

the constitutional deprivation. And, plaintiff must prove a tangible connection between the acts of the defendant and the injuries suffered.

**AUTHORITY:**  Bass v. Jackson, 790 F.2d 260, 262 (2d Cir. 1986); Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 63 L.Ed.2d 420 (1981); Rizzo v. Goode, 423 U.S. 362, 370-71, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976); Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).

**QUALIFIED IMMUNITY:**

If you find that the defendant did not deprive the plaintiff of his constitutional rights, then you need not consider any of the defendant's special defenses. However, in the event that you should find that the defendant did deprive the plaintiff of his constitutional rights, the defendant still may not be liable to the plaintiff. This is so because in § 1983 action, an individual defendant, sued in his individual capacity, may be entitled to what is called qualified immunity.

The defendant will be entitled to a qualified immunity if, at the time she deprived the plaintiff of his constitutional rights as described above, she neither knew nor should have known that her actions were contrary to federal law. The simple fact that a defendant acted in good faith is not enough to bring her within the protection of this qualified immunity. Nor is the fact that a defendant was unaware of the federal law. A defendant is entitled to qualified immunity if he or she did not know what he or she did was in violation of federal law and if a competent public official could not have been expected at the time to know that the conduct was in violation of federal law.

In deciding what a competent official would have known about the legality of defendant's conduct, you may consider the nature of the defendant's official duties, the character of her official position, the information which was known to the defendant or not known to her,

and the events which confronted her. You must ask yourself what a reasonable official in each defendant's situation would have believed about the legality of defendant's conduct. You should not, however, consider what the defendant's subjective intent was, even if you believe it was to harm the plaintiff. You may also use your common sense. If you find that a reasonable official in each defendant's situation would believe her conduct to be lawful, then this element will be satisfied.

Each defendant has the burden of proving that she neither knew nor should have known that her actions violated federal law. If a defendant convinces you by a preponderance of the evidence that she neither knew nor should have known that her actions violated federal law, then you must return a verdict for the defendant, even though you may have previously found that the defendant in fact violated the plaintiff's rights under color of state law.

**AUTHORITY:** Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683 (1974); Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034 (1987); Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092 (1986); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1075, 1085 (1986).

**CONSIDER DAMAGES ONLY IF NECESSARY:**

If the plaintiff has proven by a preponderance of the credible evidence that the defendant is liable on any of the plaintiff's claims, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery. You should not consider the

question of damages at all, unless you have first determined that the defendant did violate the plaintiff's constitutional rights and that the defendant is not entitled to qualified immunity.

**AUTHORITY:**  Eulo v. Deval Aerodynamics, Inc., 47 F.R.D. 35 (E.D.Pa. 1969), modified on other grounds, 430 F.2d 325 (3d Cir. 1970, cert. denied, 401 U.S. 974, 91 S.Ct. 1189, 28 L.Ed.2d 322 (1971); Kreiger v. Bausch, 377 F.2d 398 (10th Cir. 1967).

**TWO KINDS OF DAMAGES:**

There are two kinds of damages that you may consider.  The first is compensatory damages.  Compensatory damages represent a sum of money that will fairly, adequately and reasonably compensate a person for harm proximately caused by another's conduct. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant.  You shall award actual, or compensatory, damages only for those injuries which you find plaintiff has proven by a preponderance of the evidence to have been the direct result of conduct by a defendant.  That is, you may not simply award actual damages for any injury suffered by plaintiff.  Compensatory, or actual, damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence. You may award compensatory damages only for those injuries which were proximately caused by the unconstitutional conduct of the defendant.

Plaintiff claims to have sustained personal injury.  Plaintiff may recover for any bodily injury sustained and any resulting pain and suffering, if and to the extent that such were proximately caused by defendant.  There is no exact standard for fixing the compensation to be awarded on account of such elements of damages.  Any such award should be fair and just in light of the evidence.

The law does not recognize an inherent or abstract monetary value of a constitutional right; therefore, no compensatory damages may be awarded for a violation of a constitutional right absent proof of actual injury or loss. If you do find that the defendant violated plaintiff's constitutional rights, but you do not find that the plaintiff suffered actual injury or loss by virtue of his constitutional rights having been violated, then you may only award nominal damages of no more than one dollar for each violation of plaintiff's constitutional rights.

**AUTHORITY:** Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S.Ct. 248 (1931); Kinty v. United Mine Workers of America, 544 F.2d 706 (4th Cir. 1976), cert. denied, 429 U.S. 1093 (1977); Northwestern National Casualty Co. v. McNulty, 307 F.2d 432 (5th Cir. 1962); U.S. Castings Co. v. Knight, 754 F.2d 1363 (7th Cir. 1985); Luria Brothers & Co. v. Pielet Brothers Scrap Iron Metal, Inc., 600 F.2d 103 (7th Cir. 1979).

The second type of damages is called punitive damages. If you decide to award compensatory or nominal damages to the plaintiff, you may then consider whether or not to award him punitive damages. The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct and to serve as an example or warning to others not to engage in wrongful conduct.

If you find that the acts of the defendant were done maliciously, wantonly, or in reckless or callous disregard or indifference to the federally protected rights of the plaintiff, then you may award punitive damages as you find proper.

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury. However, you must bear in mind that punitive damages are only allowed if you have first found that plaintiff is entitled to compensatory damages, even if such damages are nominal. You must also bear in mind that the law requires that punitive damages, if awarded,

must be fixed with calm discretion and sound reason. They must never be awarded, or fixed in amount, because of bias, sympathy or prejudice with respect to any party to the case.

**AUTHORITY:** Memphis Community School District v. Stachura, 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986); Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Vasbinder v. Ambach, 926 F.2d 1333 (2d Cir. 1991).

**ADDITIONAL REQUESTS**:

The defendant respectfully requests leave to supplement her request for jury instructions after the evidence and prior to the charging conference. This request is made in that the defendant cannot reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing, will be necessary to enable the jury to reach their verdict.

DEFENDANT
Patricia Wollenhaupt

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:      /s/
        Matthew B. Beizer
        Assistant Attorney General
        110 Sherman Street
        Hartford, CT  06105
        Federal Bar #ct16304
        E-Mail:  matthew.beizer@po.state.ct.us
        Tel.: (860) 808-5450
        Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was hand delivered to the following on this 14th day of December, 2004:

Richard Marquette, Esq.
60 Washington Street
Hamden, CT  06518

                                                   /s/
                                          Matthew B. Beizer
                                          Assistant Attorney General