UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VAN CHRISTIAN SCHRYVER | : | CIVIL NO. 3:02CV141 (EBB) |
| v. | : | |
| LARRY MYERS, ET AL. | : | DECEMBER 14, 2004 |

### DEFENDANT'S TRIAL MEMORANDUM

**I.     TRIAL COUNSEL**

      Plaintiff:    Richard Marquette, Esq.
                       60 Washington Street
                       Hamden, CT  06518
                       Tel.:  (203) 288-0283

      Defendant:   Matthew B. Beizer
                       Assistant Attorney General
                       Office of the Attorney General
                       110 Sherman Street
                       Hartford, CT  06105
                       Tel.:  (860) 808-5450

**II.    JURISDICTION**

According to plaintiff's Complaint, jurisdiction is asserted pursuant to 42 U.S.C. § 1983.

**III.   JURY/NON-JURY**

Jury.

**IV.    NATURE OF THE CASE**

The plaintiff is an inmate in the custody of the Connecticut, Department of Correction. He alleges that following his transfer in October, 2000 to Northern Correctional Institution ("NCI"), correctional and medical staff at NCI were deliberately indifferent to his serious medical needs relating to a right knee condition.  By Ruling on Defendants' Motion for Summary Judgment, dated May 22, 2003, the Court (EBB) dismissed all claims against all of the

defendants except defendants Wollenhaupt and Feinberg concerning the time period from October 11, 2000 through January 7, 2001. As officially noticed by the defendants on August 2, 2004, Sandra Feinberg has died. Accordingly, the sole issue for trial is whether defendant Wollenhaupt was deliberately indifferent to the plaintiff's serious medical needs concerning his knee condition for the time period from October 11, 2000 through January 7, 2001.

The plaintiff seeks compensatory and punitive damages.

V.     **STIPULATION OF FACTS**

1. On October 11, 2000, the plaintiff was incarcerated at MacDougall Correctional Institution and upon his return from a trip to court, was found to possess a dangerous weapon in his sneaker, a pair of clippers sharpened at both ends.

2. After this incident, on October 11, 2000, the plaintiff was transferred to NCI from MacDougall Correctional Institution.

3. NCI is the maximum security correctional facility in the State of Connecticut.

4. Upon the plaintiff's transfer to NCI on October 11, 2001, a physical examination of the plaintiff and a medical transfer summary was conducted by NCI medical staff.

5. The plaintiff was seen by NCI medical staff on October 12, 2000.

6. On October 19, 2000, the plaintiff was found guilty of an assault and a charge of sexual misconduct involving his cellmate.

7. The plaintiff was seen by NCI medical staff on October 19, 2000.

8. From October, 2000 through December, 2000, the plaintiff was prescribed 400 mgs of Motrin.

9. On various occasions from October 11, 2000 through January 7, 2001, the plaintiff refused his medications.

10. On numerous occasions from October 11, 2000 through January 7, 2001, the plaintiff was seen by NCI mental health staff. Specifically, the plaintiff was seen on October 11, 12, 15, 18, 19, 20, 25, 26 and 31, 2000; November 7, 8, 16, and 27, 2000; December 14 and 19, 2000; and January 4, 2001.

11. In November, 2000 the plaintiff submitted inmate request forms, which were responded to by NCI medical staff.

12. On January 8, 2001, the plaintiff was seen by NCI medical staff for his knee and x-rays were ordered. The x-rays were unremarkable.

## VI.   PLAINTIFF'S CONTENTIONS

Plaintiff's contentions are set forth in his trial memorandum. In sum, the plaintiff alleges that the defendant failed to provide constitutionally adequate medical care for his knee condition from October 11, 2000 through January 7, 2001.

## VII.   DEFENDANT'S CONTENTIONS

The defendant denies the plaintiff's allegations. Specifically, the defendant denies that the plaintiff's knee condition in 2000 constituted a sufficiently serious medical condition to assert a viable claim for deliberate indifference. The defendant also denies that the plaintiff received constitutionally inadequate medical care for his knee condition from October 11, 2000 through January 7, 2001. To the contrary, the plaintiff was seen at least three times during this time frame by NCI medical staff, who did not note any complaints or problems concerning the plaintiff's knee. Additionally, the plaintiff was seen approximately sixteen times during this time frame by NCI mental health staff and they also failed to note a single complaint by the plaintiff concerning his knee condition, or treatment received for his knee. The defendant also denies that the plaintiff suffered any injury as the result of any of her actions. The defendant also

denies that she had personal involvement in the plaintiff's medical treatment from October 11, 2000 through January 7, 2001. Finally, the defendant asserts that she is entitled to Qualified Immunity.

## VII.    LEGAL ISSUES

1. Whether the plaintiff suffered from a sufficiently serious medical condition pertaining to his knee condition from October 11, 2000 through January 7, 2001 to assert a viable claim for deliberate indifference.

2. Whether defendant Wollenhaupt was deliberately indifferent to the plaintiff's medical needs pertaining to his knee condition from October 11, 2000 through January 7, 2001.

3. Whether defendant Wollenhaupt's actions associated with treatment for the plaintiff's knee condition from October 11, 2000 through January 7, 2001 were the proximate cause of any injury to the plaintiff.

4. Whether defendant Wollenhaupt was personally involved in the plaintiff's medical treatment pertaining to his knee condition from October 11, 2000 through January 7, 2001.

5. Whether defendant Wollenhaupt is entitled to Qualified Immunity pertaining to her involvement in the medical treatment provided to the plaintiff for his knee condition from October 11, 2000 through January 7, 2001.

**IX.     VOIR DIRE QUESTIONS**

See attached.

**X.      LIST OF WITNESSES**

1. Patricia Wollenhaupt, R.N.
   Osborn Correctional Institution
   335 Bilton Road
   Somers, CT  06071

Defendant Nurse Wollenhaupt is expected to respond to the plaintiff's allegations. In addition, she is expected to testify as to her activities while on duty at the Northern Correctional Institution during the period from October 11, 2000 to January 7, 2001 and her contacts with the plaintiff during that time period.

2. Major Michael Lajoie
   Northern Correctional Institution
   287 Bilton Road
   Somers, CT  06071

Major Lajoie is expected to respond to the plaintiff's allegations. In addition, he is expected to testify as to security issues and policies at Northern Correctional Institution.

3. Fred Levesque
   Director of Population Management
   Connecticut, Department of Correction
   MacDougall-Walker Correctional Institution
   1153 East Street South
   Suffield, CT  06080

Mr. Levesque is expected to respond to the plaintiff's allegation. In addition, Director Levesque will testify as an expert witness in inmate classification and population management. He will testify as to plaintiff's transfer to NCI in October, 2000 and reasons therefore.

    4.      Records Officer
           MacDougall-Walker Correctional Institution
           1153 East Street South
           Suffield, CT  06080

If necessary, the records official will authenticate the documents from plaintiff's file(s) that are used by the defendant as exhibits.

    5.      The defendant expressly reserves the right to call additional witnesses in response to plaintiff's testimony and evidentiary submissions.

## XI. LIST OF EXHIBITS

See attached.

## XII. DEPOSITION TESTIMONY

None.

## XIII. REQUEST FOR JURY INSTRUCTIONS

See attached.

## XIV. ANTICIPATED EVIDENTIARY PROBLEMS

The defendants have filed a motion in limine to restrict the plaintiff's testimony, and evidentiary submissions, to the time period from October 11, 2000 to January 8, 2001, with the limited exception of necessary background information. By Ruling on defendants' motion for summary judgment, the Court (EBB) dismissed all claims except the claim relating to this limited time period. According to the allegations in his Complaint, the plaintiff fell and suffered injuries on two occasions *after* this time period. Based on the Court's decision, any evidence of these falls, and any other evidence pertaining to incidents outside of this time frame, would be irrelevant and prejudicial to the defendant.

XV. **TRIAL TIME**

It is expected that the trial will take two days.

XVI. **FURTHER PROCEEDINGS**

None.

>					DEFENDANT
>					Patricia Wollenhaupt
>
>					RICHARD BLUMENTHAL
>					ATTORNEY GENERAL
>
>
>			BY:	_____/s/_____
>					Matthew B. Beizer
>					Assistant Attorney General
>					110 Sherman Street
>					Hartford, CT  06105
>					Federal Bar #ct16304
>					E-Mail:  matthew.beizer@po.state.ct.us
>					Tel.: (860) 808-5450
>					Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was hand delivered to the following on this

14th day of December, 2004:

Richard Marquette, Esq.
60 Washington Street
Hamden, CT  06518


>					_____/s/_____
>					Matthew B. Beizer
>					Assistant Attorney General