UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VAN CHRISTIAN SCHRYVER | : | CIVIL NO. 3:02CV141 (EBB) |
| v. | : | |
| PATRICIA WOLLENHAUPT | : | MARCH 4, 2005 |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF
### HER MOTION FOR RECONSIDERATION

The first trial in this matter commenced on December 21, 2004 and concluded on the same day when a mistrial was declared by the Court. Jury selection for the re-trial is scheduled for March 8, 2005. By order dated March 1, 2005, the District Court has ordered the State of Connecticut to reimburse the United States Federal Government for the costs of the second jury selection. The defendant respectfully requests the District Court to reconsider this order on the following grounds:

1. This order was not the product of any motion filed before the Court, nor did the defendant have the opportunity to offer any argument prior to its issuance.

2. The District Court does not cite any authority for ordering the State of Connecticut to reimburse the United States Federal Government for the costs of jury selection.

3. The violation of the Court's order which resulted in a mistrial, and is presumably the basis for the Court's March 1, 2005 order, was inadvertent and should not serve as the predicate for this order. While questioning defendant Nurse Wollenhaupt on direct examination, the undersigned Assistant Attorney General asked her to read an entry from a clinical notation in the plaintiff's medical record. This note, along with large parts of the plaintiff's medical file, had been previously marked by agreement of the parties, as a full exhibit. The purpose of the

request to Nurse Wollenhaupt, as is evidenced in the prior questioning, was to demonstrate that the plaintiff had been seen in the Northern medical department during the pertinent time period and failed to voice any complaints about his purported knee injury. When making the request to Nurse Wollenhaupt, the undersigned did not have the clinical notation in front of him at the attorney's lectern. In fact, the defendant's copy of the exhibits was with Nurse Wollenhaupt at the witness stand because they were being used as the official Court Exhibits for the trial. Additionally, when making the request to Nurse Wollenhaupt, the undersigned did not know that the specific clinical notation mentioned an alleged rape assault on the plaintiff's cellmate, a reference which violated the Court's prior order.[1] As a result, the reading of the clinical note, which referenced the alleged rape, was an inadvertent violation of the Court order.

In her order, the District Court blames the undersigned for "forcing" her to grant plaintiff's motion for a mistrial.[2] The undersigned certainly accepts responsibility for his mistake, i.e., asking the witness to read from the exhibit without having a copy of the note in front of him. However, if blame is to be assigned for this incident, all of the participants bear some responsibility for failing to redact this entry from the agreed-upon exhibits. Additionally, when the request was posed to Nurse Wollenhaupt, plaintiff's counsel, who certainly had a copy

---

[1] Prior to trial, the Court had ruled that the defendant could inquire into this incident but could not inquire into its sexual nature; i.e., the parties were to refer to it as "an assault." It would be nonsensical to suggest that the undersigned knew that the reference was in the particular medical report and yet still directed the witness to read the report in direct contravention of the court ruling. Indeed, the undersigned had previously cross-examined the plaintiff concerning this incident in accordance with the Court order.

[2] As articulated at trial, the undersigned acknowledged the inadvertent reference and suggested that it could be resolved through a curative instruction to the jury, as opposed to a mistrial.

2

of the exhibits and the pertinent clinical note, could have intervened and prevented Nurse Wollenhaupt from reading the entry.

In sum, while the District Court's entry of a mistrial was the result of a regrettable incident, it was an innocent and inadvertent mistake and an occurrence which is not out of the ordinary in the unpredictable context of a jury trial. As a result, it would be unjust to suggest that the defendant, or the State of Connecticut, should bear some of the costs of the re-trial. Wherefore, the defendant respectfully requests the District Court to reconsider its order.

          DEFENDANT
          Patricia Wollenhaupt

          RICHARD BLUMENTHAL
          ATTORNEY GENERAL


BY:    _____/s/_____
       Matthew B. Beizer
       Assistant Attorney General
       110 Sherman Street
       Hartford, CT  06105
       Federal Bar #ct16304
       E-Mail:  matthew.beizer@po.state.ct.us
       Tel.: (860) 808-5450
       Fax: (860) 808-5591

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 4th day of March, 2005:

Richard Marquette, Esq.
Marquette Law Partners, LLP
60 Washington Street, 3rd Floor
Hamden, CT  06518

_____/s/_____
Matthew B. Beizer
Assistant Attorney General