FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2005 MAR 18  P 1: 57

U.S. DISTRICT COURT
NEW HAVEN CT

| | |
|---|---|
| VAN CHRISTIAN SCHRYVER | : CIVIL NO. 3:02CV141(EBB) |
| VS. | : |
| PATRICIA WOLLENHAUPT | : MARCH 16, 2005 |

### DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES

The trial in this matter commenced on December 21, 2004 and concluded on the same day when a mistrial was declared by the Court. The case is scheduled to be re-tried in the near future. Now, by motion dated March 14, 2005, plaintiff's attorney has requested the Court to issue an order granting him attorney's fees. The defendant submits that plaintiff's motion is ill-advised unwarranted and objects to it on the following grounds:

1. The plaintiff does not cite any authority or legal basis for requesting the Court to issue an order for attorney's fees. Indeed, plaintiff's motion is procedurally deficient for failing to comply with the requirements set forth in the Federal Rules of Civil Procedure.

2. Plaintiff's request for an order of attorney's fees is premature. Should the plaintiff prevail at trial, as a prevailing party, plaintiff's counsel would likely be entitled to attorney's fees.

3. While the plaintiff fails to articulate the legal basis for his motion, presumably, he believes that the request is justified due to the Court's granting of a mistrial and the actions of the undersigned leading up to the mistrial. If this is indeed the case, plaintiff's justification for seeking an order of attorney's fees is clearly erroneous.

"An award of attorney's fees . . . is an extreme sanction, and must be limited to truly egregious cases of misconduct." Jones v. Continental Corp., 789 f.2d 1225, 1232 (6th Cir. 1986). Under its inherent powers to supervise and control its own proceedings, a district court has the authority to award attorney's fees to the prevailing party when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Eisemann v. Greene, 204 f.3d 393, 396 (2d Cir. 2000) quoting F.D. Rich Co. v. United States ex rel. Indus. Lumber Co., 417 U.S. 116, 129 (1974). Similarly, pursuant to 28 U.S.C. § 1927, a district court may award attorney's fees against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." To impose sanctions under either authority, a court must find clear evidence that the attorney's actions were taken in bad faith - - that is, "motivated by improper purposes such as harassment or delay." Schlaifer Nance & Co. v. Estate of Warhol, 194 f.3d 326, 336 (2d Cir. 1999); See also Oliveri v. Thompson, 803 f.2d 1265, 1273 (2d Cir. 1986). Moreover, the court has interpreted the bad faith standard restrictively and has required both clear evidence that the challenged actions are entirely without color, and are taken for reasons of harassment or delay or for other improper purposes, and a high degree of specificity in the factual findings of the lower courts. Eisemann v. Greene, 204 f.3d 393, 396 (2d Cir. 2000).

An examination of the record of this case demonstrates that the actions of the undersigned clearly do not meet the standard articulated above. During the December 21, 2004 trial, while questioning defendant Nurse Wollenhaupt on direct examination, the undersigned asked her to read an entry from a clinical notation in the plaintiff's medical record. This note, along with large parts of the plaintiff's medical file, had been previously marked by agreement of

2

the parties, as a full exhibit. The purpose of the request to Nurse Wollenhaupt, as is evidenced in the prior questioning, was to demonstrate that the plaintiff had been seen in the Northern medical department during the pertinent time period and failed to voice any complaints about his purported knee injury. When making the request to Nurse Wollenhaupt, the undersigned did not have the clinical notation in front of him at the attorney's lectern. In fact, the defendant's copy of the exhibits was with Nurse Wollenhaupt at the witness stand because they were being used as the official Court Exhibits for the trial. Additionally, when making the request to Nurse Wollenhaupt, the undersigned did not know that the specific clinical notation mentioned an alleged rape assault on the plaintiff's cellmate, a reference which violated the Court's prior order.[1] After Nurse Wollenhaupt read the specific entry, plaintiff's attorney moved for a mistrial, which was granted by the Court. Clearly, the inadvertent mistake by the undersigned can not be categorized as an "egregious case of misconduct", calling for an award of attorney's fees.

Moreover, it is perplexing that plaintiff's counsel apparently attempts to place blame on the undersigned for the mistrial when the evidence demonstrates that plaintiff's counsel bears significant responsibility for this result. The undersigned certainly accepts responsibility for his inadvertent mistake, i.e. asking the witness to read from the exhibit without having a copy of the

---

[1] Prior to trial, the Court had ruled that the defendant could inquire into this incident but could not inquire into its sexual nature; i.e., the parties were to refer to it as "an assault." It would be nonsensical to suggest that the undersigned knew that the reference was in the particular medical report and yet still directed the witness to read the report in direct contravention of the court ruling. Indeed, the undersigned had previously cross-examined the plaintiff concerning this incident in accordance with the Court order.

3

note in front of him. However, the reason this resulted in a violation of the Court Order, and a mistrial, is because the medical entry was not redacted from the agreed-upon exhibits, after the Court had ruled in limine. Plaintiff's attorney (and the undersigned, as well) bear responsibility for this omission. Additionally, during the questioning of defendant Wollenhaupt by the undersigned, plaintiff's counsel certainly had a copy of the trial exhibits and presumably, was following along with the questions being posed to Ms. Wollenhaupt and the references to various exhibits. As a result, when the undersigned posed the request to Nurse Wollenhaupt, plaintiff's counsel was in the *best position* to intervene and prevent her reading the note in violation of the Court order.

Finally, because plaintiff's attorney apparently seeks to blame the undersigned for the necessity of another jury selection, it also bears noting that a previous jury selection in this case was aborted due to the negligence of plaintiff's attorney in properly arranging for his client's presence in Court. As an attorney for an inmate, plaintiff's attorney - - in coordination with the Court and the Connecticut, Department of Correction - - assumes responsibility for arranging for his client's appearance in Court. At the first scheduled jury selection in this matter, plaintiff's attorney failed in this responsibility and the plaintiff was not transported to Court. As a result, all of the parties, attorneys, and potential jurors were sent home on that day. The undersigned recognized that this was an inadvertent error on the part of the plaintiff's attorney and did not seek attorneys fees, sanctions or costs. Unfortunately, now faced with an analogous situation, plaintiff's attorney has filed the present motion, requesting attorney's fees.

4

WHEREFORE, it is respectfully submitted that plaintiff's motion for attorney fees should be denied.

DEFENDANT,
Patricia Wollenhaupt

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Matthew B. Beizer
Assistant Attorney General
Federal Bar No. ct16304
110 Sherman Street
Hartford, CT 06105
Telephone No.: (860) 808-5450
Fax No.: (860) 808-5591
E-Mail: matthew.beizer@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid to the following on this 16th day of March, 2005:

Richard Marquette, Esq.
60 Washington Avenue, #302
Hamden, CT 06518

_____
Matthew B. Beizer
Assistant Attorney General

5